## State Bank of Sullivan et al. v. Charles H. Munroe, Trustee.

1. BANKRUPTCY—*Where Lien Against the Bankrupt is Not Annulled by Clause F of Sec. 67.*—Under the proviso of clause F of section 67 of the bankruptcy law, the title of a *bona fide* purchaser for value, obtained by levy, judgment, attachment or other lien, within four months prior to the filing of a petition in bankruptcy, and acquired without notice or reasonable cause for inquiry, shall not be destroyed or impaired.

Trover.—Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

EDEN & MARTIN and PEADRO & SENTEL, attorneys for appellants.

ALONZO HOFF and HARBAUGH & THOMPSON, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a suit in trover by appellee, as trustee in bankruptcy of Fred H. Pundt, against appellants, for the value of certain chattel property sold by appellant Foster, as sheriff, under execution against Pundt in favor of the appellant bank, and the recovery was for $220.39. The object of this appeal is to reverse the judgment, it being insisted for that purpose the court admitted improper evidence, and gave wrong, and refused proper, instructions to the jury.

October 21, 1901, Pundt and wife executed their judgment note to the bank for $200, upon which judgment was taken October 31st, execution issued and levied upon the property in question, and sold November 23d. Pundt was adjudged a bankrupt November 7, 1901, and appellee appointed trustee November 25, 1901. The contention on the trial was that, by virtue of the bankruptcy act, the

judgment was nullified as a preference to the bank. We think the trial court was misled in enforcing the statute as an absolute nullification of the judgment, without due regard to the proviso, to the effect that it shall not have the effect of destroying or impairing title obtained by levy and judgment of a *bona fide* purchaser for value, who shall have acquired the same without notice or reasonable cause of inquiry. The instructions ignored this point, and the judgment must be reversed and the cause remanded for a new trial.